IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | |
|---|---|
| **CHATEL GRAYSON**, *et al.*, | * |
| Plaintiffs, | * |
| v. | *    Case No.: GJH-18-1375 |
| | * |
| **FREEDOM MORTGAGE CORP.**, | * |
| Defendants | * |
| | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

This action is brought by Plaintiff Chatel Grayson on her own behalf and as a putative class action against Defendant Freedom Mortgage Corporation ("FMC") alleging various violations of Maryland law. Plaintiff filed this action in the Circuit Court for Montgomery County, Maryland, seeking individual damages, class damages, and attorney's fees. ECF No. 4. FMC timely filed a Notice of Removal and a Motion to Dismiss. ECF Nos. 3, 20. Plaintiff filed a Motion to Remand, contending that the Court lacks subject-matter jurisdiction over her claims, and that removal was therefore improper. ECF No. 19. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). For the following reasons, Plaintiff's Motion to Remand, ECF No. 19, is granted. Defendant's Motion to Dismiss, ECF No. 20, is denied as moot.

**I.  DISCUSSION**

A defendant may remove any civil action from state court to a federal district court if the district court has original jurisdiction over the action. 28 U.S.C. § 1441. The burden is on the defendant to prove that the district court may exercise jurisdiction. *Strawn v. AT&T Mobility, LLC*, 530 F.3d 293, 296-97 (4th Cir. 2008). "Because removal jurisdiction raises significant

federalism concerns," it must be strictly construed. *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). "If federal jurisdiction is doubtful, a remand is necessary." *Id.*

Defendant contends that the Court has jurisdiction pursuant to 28 U.S.C. § 1332(a).[1] Section 1332(a) gives a federal court jurisdiction over an action where there is complete diversity of citizenship of the parties and an amount in controversy in excess of $75,000, exclusive of interest and costs. The parties do not contest that Plaintiff Grayson is a citizen of the State of Maryland, and that FMC is a citizen of the State of New Jersey. Therefore, the sole question is whether the amount in controversy is in excess of $75,000.

In a class action, the aggregated damages of a class of plaintiffs cannot be used to satisfy the amount-in-controversy requirement; at least one named plaintiff's damages must individually surpass $75,000. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 558-59 (2005). "Where a plaintiff claims a specific amount in damages that is less than $75,000, removal is proper only if the defendant can prove to a 'legal certainty' that the plaintiff would actually recover more than that if she prevailed." *Momin v. Maggiemoo's Int'l, LLC*, 205 F. Supp. 2d 506, 509 (D. Md. 2002). However, where there is not a specific amount claimed, the defendant must prove that the jurisdictional burden is met by a preponderance of the evidence. *See Francis v. Allstate Ins. Co.*, 709 F.3d 362, 367 (4th Cir. 2013); *Momin*, 205 F. Supp. 2d at 509-10. As in *Momin*, this case presents a hybrid scenario because the Complaint provides a specific amount in damages but an indeterminate amount for attorney's fees. *See Momin,* 205 F. Supp. 2d at 510.

Where a party seeks recovery of attorney's fees authorized by statute, the fees are included in the amount in controversy. *Francis,* 709 F.3d at 368-69. But just as a class' damages

---

[1] Defendant initially alleged that the Court also has jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A) (the Class Action Fairness Act) and federal question jurisdiction pursuant to 28 U.S.C. § 1331, but conceded in its Opposition Brief that neither of these statutes apply here. *See* ECF No. 21.

cannot be aggregated to meet the amount-in-controversy requirement, a class' attorney's fees cannot be aggregated to meet the requirement unless the statute specifically awards fees to the named plaintiffs. *See, e.g., In re Abbott Labs.*, 51 F.3d 524, 526 (5th Cir. 1995) (where statute authorizes a court to "allow the representative parties their reasonable expenses of litigation, including attorney's fees," fees may be aggregated to meet the amount in controversy); *see also Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1080 (11th Cir. 2000) (fees were not aggregated when statute awarded fees to "prevailing party" or "[a]ny person prevailing"). The relevant attorney's fees statutes here award fees to "any person . . . who is awarded damages." *See* Md. Code. Ann. Com. Law § 13-408; Md. Code Ann. Real Prop. § 7-406(b). Therefore, the class' attorney's fees cannot be aggregated to meet the amount in controversy requirement.

In *Momin*, the plaintiff alleged damages of $69,000 and sought to recover attorney's fees. 205 F. Supp. 2d at 509. Though the court was "tempted as a practical matter to agree . . . that this case [would] not likely be tried for less than $6,000 in attorneys' fees", it concluded that "speculative arguments about the potential value of an attorneys' fees award are insufficient to confer jurisdiction" and required additional evidence to determine whether the plaintiffs' attorney's fees would, in fact, surpass $6,000. *Id*. at 510.

Here, the parties do not dispute that Plaintiff's alleged damages amount to no more than $39,680. *See* ECF No. 3 ¶ 34, ECF No. 19-1 at 2.[2] Plaintiff also seeks attorney's fees for each of her eight claims. *See* ECF No. 4 ¶¶ 82(k), 89(d), 98(c), 108(d), 117(d), 128(d), 142(b), 151(d). Defendant argues that an award of attorney's fees will likely exceed the $35,320 necessary to bridge the gap between the alleged damages and the jurisdictional limit, due to the number of counts involved and the complexity of the involved litigation. However, as proof, Defendant

---

[2] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

offers only an unsupported assertion that this case will require more than 80-120 hours of work, ECF No. 21 at 5-6, and citations to other cases in which greater than $35,320 in attorney's fees have been awarded. *See, e.g., Blaylock v. Johns Hopkins Fed. Credit Union*, 152 Md. App. 338, 355-62 (Md. Ct. Spec. App. 2003).

Even applying the lesser of the two possible standards of proof, Defendant must prove by a preponderance of the evidence that Plaintiff's attorney will accumulate greater than $35,320 in fees as to her specifically, and not merely to the class. The legal fees on the class claims must therefore be divided pro rata to determine the portion attributable to Plaintiff, and then added to the fees Plaintiff's attorney will incur as to Count VII, which is an individual claim for violation of the Maryland Consumer Debt Collection Practices Act and the Maryland Consumer Protection Act. Because Defendant has offered no evidence as to the size of the putative class, the Court would have to speculate as to the pro rata determination of the class claims. Absent any evidentiary showing or affidavit that Plaintiff's counsel is unable to prosecute Count VII for less than $35,320 in fees, the Court finds that Defendant's proffer of the amount of fees awarded in other cases involving different counsel, different statutes, and/or different postures is insufficient to meet the preponderance of the evidence standard. *See Ndzerre v. Liberty Power Corp.*, 318 F. Supp. 3d 761, 766 (D. Md. 2018) (granting remand where plaintiff provided only a "speculative and unsupported assertion" as to the amount of attorney's fees).

## II. CONCLUSION

Plaintiff's Motion to Remand, ECF No. 19, is granted. Defendant's Motion to Dismiss, ECF No. 20, is denied as moot. A separate Order shall issue.

Date: <u>December 11, 2018</u>   _____/s/_____
GEORGE J. HAZEL
United States District Judge